UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK, NEW YORK

| | |
|---|---|
| Dyker Car Service,<br>    A New York Business;<br>Mohammed Ghoniem,<br>    An individual;<br>Eneli Avamae,<br>    An individual;<br>        Plaintiffs,<br><br>v.<br><br>Michael Chertoff, Secretary,<br>    Department of Homeland Security;<br>Robert Novack, Director,<br>    Vermont Service Center,<br>    United States Citizenship and<br>    Immigration Services;<br>        Defendants. | Civil Action No. _____ |

## COMPLAINT FOR WRIT OF MANDAMUS

**To the Honorable Judges:**

   Plaintiffs, Dyker Car Service, Mohammed Ghoniem, and Eneli Avamae through undersigned counsel, allege as follows:

### INTRODUCTION

1.    This is a civil action brought pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1361, to redress the deprivation of rights, privileges and immunities secured to Plaintiffs to compel Defendants to perform a duty Defendants owe to Plaintiffs. Jurisdiction is also conferred by 5 U.S.C. §701.

2.    This action is brought to compel Defendants and those acting under them to take action on Plaintiff Dyker Car Service's "Immigrant Petition for Alien Worker" the approval for which would allow Applications to Adjust Status, Form I-485, in order for Plaintiffs Mohammed Ghoniem and Eneli Avamae to become Permanent Residents the United States.

3.    Plaintiffs are eligible to have form I-140 adjudicated, the successful outcome of

which would allow the adjudication of the Applications to Adjust Status.

4. Defendant Department of Homeland Security ("DHS") through its component agency U.S. Citizenship and Immigration Services ("VSC"), are charged by law with the statutory obligation to adjudicate Plaintiff Dyker Car Service's Petition for Immigrant Work and Plaintiffs' Mohammed Ghoneim and Eneli Avamae's Applications to Adjust Status, Form I-485.

5. Venue is proper under 28 USC §1391(e) because the Plaintiff Dyker Car Service conducts business in this district and no real property is involved in this action.

6. I am familiar with the case through interviewing of the Plaintiffs and thought a review of the file and make these statements based on information and belief as neither I nor anyone who works for or with me filed the applications at issue herein.

## FACTS

7. Plaintiff Dyker Car Service ("Dyker") is a Company doing business in the State of New York; Plaintiff Mohammed Ghoneim ("Ghoneim") is a foreign individual, native and citizen of Egypt, living in Brooklyn, New York; Eneli Avamae ("Avemae") is a foreign individual, native and citizen of Estonia, wife of Ghoneim, living with him in Brooklyn .

8. On or about April 20, 2001, Dyker filed a labor certification application with the Department of Labor ("DOL").  Copy annexed as part of Exhibit 1.

9. DOL certified the application with an approval dated November 28, 2003, as provided by regulations.  See, 20 C.F.R. § 656.

10. On or about Dyker filed an "Immigrant Petition for Alien Worker" ("I-140") on behalf of Ghoneim; Ghoneim and Avemae, on information and belief, filed documentation to begin the process of adjusting their status to that of lawful permanent residents.  Copy of the filing receipt (number "eac0407651648") for form I-140.

11. As of today, over three years later, form I-140 is still pending before the Vermont Service Center.

## CLAIMS

1. Defendants have willfully and unreasonably delayed in, and have refused to, adjudicate Dyker's Form I-140 thereby depriving it of the Ghoniem's lawful employment;

2. Defendants delay in adjudicating Dyker's Form I-140 has caused a delay in the adjudication of other benefits for Petitioners Ghoniem and Avemae, causing them

distress;

3.	Defendants owe Plaintiffs a duty to adjudicate their Applications, and have unreasonably failed to perform that duty;

4.	Plaintiffs have exhausted any administrative remedies that may exist.

**WHEREFORE, Plaintiffs pray that the Court:**

1.	Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiffs' Applications;

2.	Grant such other and further relief as this Court deems proper under the circumstances; and

3.	Grant Attorney's fees and costs of Court to Plaintiffs under the Equal Access to Justice Act.

Respectfully submitted this 29th day of October, 2007.

                              Law Offices of Parker Waggaman, P.C.

            By:                /s/_____
                    Parker Waggaman (PW3818)
                    292 5th Avenue
                    New York, NY  10001

                    (212) 714-3541

Certificate of Service

That on October 29, 2007, by first class mail, postage paid, I am causing to be served a copy of this Complaint by first class mail, postage paid or better service to:

Michael Chertoff, Secretary,
Department of Homeland Security
Washington, DC 20528

Robert Novack, Director
Vermont Service Center, USCIS
75 Lower Welden Street
St. Albans, VT 05479

Office of the U.S. Attorney, SDNY
86 Chambers Street
New York, NY  10007