MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    NATASHA OELTJEN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.:  (212) 637-2769

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DYKER CAR SERVICE, A New York Business,    :
MOHAMED GHONIEM, An Individual,            :
ENELI AVAMAE, An Individual,               :

        Plaintiffs,                               :
                                       ANSWER
            - v. -                            :
                                      07 Civ. 9604 (GBD)

MICHAEL CHERTOFF, Secretary,               :
Department of Homeland Security,           :    ELECTRONICALLY FILED
ROBERT NOVACK, Director, Vermont           :
Service Center, United States Citizenship  :
and Immigration Services,                  :

        Defendants.                               :
-----------------------------------------------------------------x

       Defendants Michael Chertoff, Secretary of the Department of Homeland Security, and Robert Novack, Director of the Vermont Service Center of the United States Citizenship and Immigration Services ("CIS") (collectively, "defendants" or "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the complaint of plaintiffs Dyker Car Service ("Dyker"), Mohamed Ghoniem ("Ghoniem"), and Eneli Avamae ("Avamae") (collectively, "plaintiffs"), upon information and belief, as follows:

       1.     Neither admit nor deny the allegations in paragraph 1 of the complaint because they constitute plaintiffs' characterization of this action and/or conclusions of law, to which no response

is required, and respectfully refer the Court to the statutes cited therein for accurate statements of their provisions. To the extent that a further a response to the allegations in paragraph 1 is required, defendants deny that the statutes cited therein confer this Court with jurisdiction over the subject matter of the complaint.

2. Neither admit nor deny the allegations in paragraph 2 of the complaint because they constitute plaintiffs' characterization of this action and/or conclusions of law, to which no response is required; except admit that plaintiffs Ghoniem and Avamae are required to have their immigrant visa petitions approved in order to be eligible for adjustment of status pursuant to § 245 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1255.

3. Neither admit nor deny the allegations in paragraph 3 of the complaint because they constitute conclusions of law, to which no response is required; except admit that an approved visa petition is a prerequisite to the filing of an application for adjustment of status pursuant to § 245 of the INA, 8 U.S.C. § 1255. To the extent that a further response to the allegations in paragraph 3 is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Neither admit nor deny the allegations in paragraph 4 of the complaint because they constitute conclusions of law, to which no response is required. In further response to the allegation in paragraph 4 that defendants are "charged by law with a statutory obligations to adjudicate" plaintiff Dyker's immigrant visa petition and plaintiffs Ghoniem's and Avamae's applications for adjustment of status, defendants respectfully refer the Court to §§ 203(b), 204, and 245 of the INA, 8 U.S.C. §§ 1153(b), 1154 and 1255 for accurate statements of their provisions.

5. Neither admit nor deny the allegation is paragraph 5 of the complaint because they constitute conclusions of law, to which no response is required; except deny knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 5 that plaintiff Dyker "conducts business in this district" and that "no real property is involved in this action"; and respectfully refer the Court to the statute cited in paragraph 5 for an accurate statement of its provisions.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint; except admit that Ghoniem is a citizen of Egypt, Avamae is a citizen of Estonia, Ghoniem and Avamae are married, and both live in Brooklyn.

8. Admit the allegations in paragraph 8 of the complaint, except deny that any exhibit was attached to the copy of the complaint received by this Office.

9. Admit the allegations in paragraph 9 of the complaint, and respectfully refer the Court to the regulation cited in paragraph 9 for an accurate statement of its provisions.

10. Admit the allegations in paragraph 10 of the complaint that plaintiff Dyker submitted a petition to CIS on Ghoniem's behalf to classify him as an alien eligible to receive an immigrant visa, based upon his potential employment, under INA § 203(b), 8 U.S.C. § 1153(b), that the immigrant visa petition was assigned receipt number EAC-04-076-51648, and that plaintiffs Ghoniem and Avamae filed applications with CIS to adjust their status to lawful permanent residence, under INA § 245, 8 U.S.C. § 1255.

11. Admit the allegations in paragraph 11 of the complaint.

12. Deny the allegations in the first paragraph of the "Claims" section of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the second paragraph of the "Claims" section of the complaint.

14. Neither admit nor deny the allegations in paragraph 3 of the "Claims" section of the complaint because they constitute conclusions of law, to which no response is required; except deny the allegation in the third paragraph of the "Claims" section that defendants have "unreasonably failed to perform [the] duty" of adjudicating plaintiffs' applications.

15. Deny the allegations in the fourth paragraph of the "Claims" section of the complaint.

### AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are unripe for review.

### AS AND FOR A THIRD DEFENSE

Plaintiffs have failed to exhaust administrative remedies.

### AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs have failed to show that they are owed any peremptory duty that defendants have refused to perform.

### AS AND FOR A SIXTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

### AS AND FOR A SEVENTH DEFENSE

Plaintiffs Ghoniem and Avamae are not eligible for adjustment of status.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiffs Ghoniem and Avamae have not demonstrated that they merit adjustment of status as an exercise of CIS's discretion.

## AS AND FOR A NINTH DEFENSE

The length of time that plaintiff Dyker's immigrant visa petition has been pending is attributable to plaintiffs' own actions.

## CONCLUSION

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
       January 2, 2008

                                    MICHAEL J. GARCIA
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for Defendants

                            By:     /S/
                                    NATASHA OELTJEN
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York  10007
                                    Tel. No.:  (212) 637-2769

TO:    PARKER WAGGAMAN, ESQ.
       Attorney for Plaintiff
       292 Fifth Avenue
       New York, New York 10001
       Tel. No.: (212) 714-3541